Jorge Luis González, Appellant, v. Industrial Commission of Puerto Rico et al., Respondents.

No. 241. Argued May 27, 1942.—Decided June 24, 1942.

*Victor M. Marchán* for appellant. *G. Atiles Moréu, Angel de Jesús Matos,* and *Joaquín Correa* for Manager of State Insurance Fund.

Mr. Justice Snyder delivered the opinion of the court.

This is a petition for review of an order of the Industrial Commission depriving a workman of his right to continue to receive compensation under the Workmen's Accident Compensation Act on the ground that he had refused or objected, without just cause, to submit to the medical treatment provided for him by the Manager of the State Insurance Fund.

■ It is not disputed that the petitioner was confined to a private clinic, where he was being treated at the expense of the State Insurance Fund for injuries received during the course of his employment; that one night, after he had gotten drunk, he became disorderly; that because of this episode, the next day he was discharged from the clinic by one of its doctors; that the clinic by letter so notified the State Insurance Fund; that no order of the Manager of the State Insurance Fund was entered depriving the petitioner of his compensation, but that a representative of the Fund took the petitioner before the Industrial Commission where, under questioning, he admitted having taken some drinks on that occasion.

There are no facts in the record on which to base the finding of the commission that the workman refused or objected, without just cause, to submit to the medical treatment provided by the manager. There was no medical testimony as to the nature of the petitioner's ailment or of the effect intoxication might have on his convalescence. (*Montaner* v. *Industrial Commission,* 54 P.R.R. 686). If there had been testimony that the petitioner had violated medical orders prohibiting him from drinking intoxicating liquors because such action might retard his recovery, the action of the commission might have been justified. But there was no such testimony in this case. At the most, there was a showing that he had been drunk and disorderly on one occasion. This does not amount *per se* to a refusal to submit to medical treatment. Cf. *González* v. *Industrial Commission,* 56 P.R.R. 8. See also, *Montaner, Mgr.* v. *Industrial Commission,* 56 P.R.R. 272, 279, 280.

■ There is a further reason why the order of the Industrial Commission was improper. The general scheme of this act is that the Manager of the Fund in the first instance makes the decisions. If a workman is dissatisfied with such a decision, he may, by following the procedure outlined in

608

the statute, obtain a review thereof by the Industrial Commission. *Montaner* v. *Industrial Commission*, 52 P.R.R. 891. It is true that the statute sets forth a few instances in which the manager submits the facts to the commission for its decision without prior decision by himself. But the instant case clearly comes within the general pattern of the statute. Paragraph 4 of §5, Act No. 45, Laws of Puerto Rico, 1935.

In the absence of any previous action by the manager depriving the petitioner of his right to receive compensation, the Industrial Commission therefore had no authority to enter the order herein. The question now under consideration was not raised in *Santos* v. *Industrial Commission*, 58 P.R.R. 312. Nothing we said there affects our conclusion here that under the facts of the instant case a prior decision of the manager is required before the Industrial Commission may act.

The order of the Industrial Commission will be reversed.

Mr. Justice Travieso did not participate herein.